

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

IN RE APPLIED DIGITAL SOLUTIONS  §
LITIGATION                       §
                                 §
                                 § **CASE NO. 02-80468-CIV-MARRA**
                                 §
                                 §
                                 §
                                 §
                                 §
                                 §
                                 §

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

This matter came before the Court for hearing pursuant to an Order of this Court, dated December 4, 2003, on the application of the Settling Parties for approval of the settlement set forth in the Stipulation of Settlement dated as of October 15, 2003 (the "Stipulation"). Due and adequate notice of the Settlement having been given as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.   This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2.   This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court certified a Class for the purposes of this Settlement. The Class is defined as all Persons who purchased or otherwise acquired the common stock of Applied Digital during the period beginning January 19, 2000 through and including May 21, 2002, excluding the Defendants and members of their immediate families, any entity in which a Defendant has a controlling interest, current and former directors and officers of Applied Digital and members of their immediate families, and the legal representatives, heirs, successors, or assigns of any such excluded party.

4.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of, the Lead Plaintiffs, the Class and each of the Class Members. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiffs, the Class Members and the Defendants. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

5. Except as to any individual claim of those Persons (identified in Exhibit B-1 hereto) who have validly and timely requested exclusion from the Class, the Litigation as well as all of the Released Claims and Released Defendants' Claims are dismissed with prejudice. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

6. Upon the Effective Date hereof, and in consideration of (a) Defendants' agreement to pay (or have their insurance companies pay) the amount of $5,600,000.00 (the "Cash Settlement Amount") and (b) Defendants' and their Related Parties' release of Defendants' Released Claims, as set forth in the Settlement, Lead Plaintiffs and each Class Member (and their Related Parties, as defined in the Stipulation) shall be deemed to have, and by operation of the Judgment shall have: (1) fully, finally, and forever released, relinquished and discharged all Released Claims against Defendants, and each of them, and each of their Corresponding Released Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release and (2) agreed to refrain from instituting, commencing, prosecuting, or cooperating with, either directly or indirectly, representatively, or in any other capacity, any and all Released Claims.

7. All Class Members who are not listed in Exhibit D of the Jack DiGiovanni Affidavit are hereby forever barred and enjoined from prosecuting the Released Claims against the Defendants and their Corresponding Released Parties.

8. Upon the Effective Date hereof, and in consideration of the releases to be provided by Lead Plaintiffs, the Class, and all members thereof, as set forth in ¶6, above, Defendants, and each of them (and their Related Parties as defined in the Stipulation), shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished and discharged each and all of the Lead Plaintiffs, Class Members, Plaintiffs' Lead Counsel, and each of them, and each of those parties' Corresponding Released Parties from all Released Defendants' Claims arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

9. To the full extent provided by Section 21D(f)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(f)(7), and the common law of the United States Court of Appeals for the Eleventh Circuit, the Court hereby bars all claims, including, but not limited to, claims for

contribution, or equitable indemnification brought by any Party or any person that could be a Class Member and has not opted out that are related, directly or indirectly, to the facts of this Litigation. However, this bar shall not include claims: (1) by Sullivan and Applied Digital concerning any SEC investigation, claims unrelated to this Litigation, and defense costs relating to this Litigation, and (2) by Applied Digital or Sullivan against the Insurer.

10. The Notice of Pendency and Proposed Settlement of Class Action given to the Class was the best notice practicable under the circumstances, including individual notice to all Members of the Class who could be identified through reasonable effort. Said Notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation and the Final Approval Hearing thereon, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

11. Any plan of allocation submitted by Plaintiffs' Lead Counsel or any order entered regarding the attorneys' fees and expense application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

12. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission, concession or evidence of, the validity or invalidity of any Released Claims, the truth or falsity of any fact alleged by Lead Plaintiffs and the Class, the sufficiency or deficiency of any defense that has been or could have been asserted in the litigation, or of any alleged wrongdoing, liability, negligence, fault of the Defendants and their Corresponding Released Parties, or any of them; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by any of any of the Defendants, or any of their Corresponding Released Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; (c) is or may deemed to be or shall be used, offered or received against the Defendants, Lead Plaintiffs and the Class, their Corresponding Released Parties, or each or any of them, as an admission, concession or evidence of, the validity or

invalidity of any of Released Defendants' Claims, the infirmity or strength of any claims raised in the Litigation, the truth or falsity of any fact alleged by Defendants, or the availability or lack of availability of meritorious defenses to the claims raised in the Litigation; (d) is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against the Settling Parties and their Corresponding Parties, or each or any of them, that any of the Class Plaintiffs' claims are with or without merit, that damages recoverable under the Plaintiffs' operative complaint would have been greater or less than the Cash Settlement Amount or that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount which could have or would have been recovered after trial.  Any of the Settling Parties or any of their Corresponding Released Parties may file this Stipulation and/or the Final Order and Judgment in any action that may be brought against such party or parties in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) determination of applications for attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

14. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15. Counsel for Plaintiffs and the Class are awarded fees in the amount of $ _1,680,000.00_ or _30_ % of the Settlement Fund, plus reimbursement of expenses in the amount of $ _86,751.35_, plus interest to the same extent that interest has been earned on the Settlement Fund, both to be paid from the Settlement Fund pursuant to the terms of the Stipulation.

16. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Gross Settlement Fund, the Court has considered and found that:

- 4 -

(a) the Settlement has created a fund of $5.6 million in cash that is already on deposit, plus interest to be earned thereon (the "Settlement Fund"); and that numerous Class Members who file timely and valid claims will benefit from the Settlement created by Plaintiffs' Counsel;

(b) over 95,000 copies of the Notice were disseminated to putative Class Members indicating that at the March 19, 2004 hearing, Plaintiffs' Counsel intended to seek 30% of the $5.6 million Gross Settlement Fund (plus interest) in attorneys' fees and to seek reimbursement of their expenses in an amount not to exceed $150,000, plus interest, and the Summary Notice was published in *Wall Street Journal* as required by the Court, and no objection was filed against either the terms of the proposed Settlement or the fees and expenses to be requested by Plaintiffs' Counsel contained in the Notice;

(c) Plaintiffs' Counsel have conducted this litigation and achieved the Settlement with skill and efficiency;

(d) the litigation of this Action involved complex factual and legal issues and was actively prosecuted since its filing on May 20, 2002, and in the absence of the Settlement, the Action would have continued to involve complex factual and legal questions;

(e) if Plaintiffs' Counsel had not achieved the Settlement, there was a risk either of nonpayment or of achieving a smaller recovery;

(f) Lead Plaintiff's Counsel, Liaison Counsel and Executive Committee Counsel have devoted a combined 2,536.86 hours, with a lodestar value of $1,055,070.60, to achieve the Settlement; and

(g) the amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are consistent with the awards in similar cases.

17. In the event that the settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in

accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation. ALL PENDING MOTIONS ARE DENIED AS MOOT. *KM*

IT IS SO ORDERED. THE CLERK SHALL CLOSE THIS CASE. *KM*

DATED: *MARCH 19, 2004*

_____
THE HONORABLE KENNETH A. MARRA
UNITED STATES DISTRICT COURT

Copies to:
Counsel (hand delivered in court)